UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60233-CIV-COHN

NKDO, INC. and NEAL KROUSE,

Magistrate Judge Seltzer

    Plaintiffs,

vs.

STEVE TAWIL, MURRAY MIZRACHI, ELLIOTT MAHANA, JOY MAHANA, SAM SUTTON, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO VACATE DEFAULT

THIS CAUSE is before the Court upon Defendants' Motion to Vacate Default Judgment [DE 41], Defendants' Motion to Stay Discovery [DE 49] and Defendant Benjamin Accad's Motion to Vacate Default Judgment and Notice of Joinder [DE 53]. The Court has carefully considered the motions, responses and replies thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiffs filed this action seeking a declaratory judgment that Defendants were not members of QQC of America, LLC ("QQC" or "Company"), in order to undo a merger approved by QQC with another company. On April 2, 2007 and April 18, 2007, Plaintiffs obtained various clerk's default as to certain defendants, resulting in a June 14, 2007 default judgment against eight of the original Defendants [DE 33]. Following an order to show cause by the Court, Plaintiff moved to drop four defendants on August 9, 2007. On November 29, 2007, six of the defaulted defendants moved to vacate the default judgment, joined by a seventh defendant on December 18, 2007. The

Defendants assert excusable neglect pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in that as passive investors in QQC they believed the litigation did not personally involve them.  Two Defendants assert that they were never served with the Complaint (Jack Cohn and Jennifer Kim), while four others do not believe they were properly served.[1]  All six of these Defendants made contributions to QQC.  Plaintiffs filed an opposition to the motions to vacate, while Defendants filed replies to each response.

## II.  DISCUSSION

The United States Court of Appeals for the Eleventh Circuit has set forth the relevant standard regarding motions to vacate default judgments: "to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.  In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (internal quotation omitted).[2]

### A.  Meritorious Defense

Defendants assert that their meritorious defense is that they were in fact members of QQC.  Each has submitted an affidavit describing either a significant

---

[1] Defendant Mayer Flaks has never believed himself to even be a member of QQC, and believed he was being dropped from this lawsuit.

[2] Because the Court is granting the motion based upon the Rule 60(b)(1) argument, the Court need not reach Defendants Jennifer Kim and Jack Cohen's Rule 60(b)(4) argument that the default judgment is void as to them because service was never perfected at to them.

2

monetary contribution by themselves or by an entity which they control, or, in the case of Steve Tawil, a contribution of services which resulted in the granting of membership. In reply to Plaintiffs' argument that § 5.4 of the Company's Operating Agreement required unanimous consent of existing members to allow new members, Defendants have submitted evidence that Plaintiff Neil Krouse approved new member Elliott Mahana, who Defendants assert voted with the other original member, Jack Tawil, to approve the disputed merger which Plaintiffs seek to void.  See Exhibits C and E to Reply Affidavit of Eric S. Hutner, Esq. [DE 60-2].[3]  Defendants thus assert that they have a meritorious defense that they are members of QQC, whether by operation of the agreement or by virtue of the acceptance by Neil Krouse of their hundreds of thousands of dollars of contributions to the Company.  The Court finds that Defendants has shown a meritorious defense on the issue of membership in QQC.

## B.  Prejudice to Non-Moving Party

Defendants assert that there is little prejudice to Plaintiffs in allowing Defendants to litigate the issue of membership in QQC.  Plaintiffs argue that QQC was improperly merged into Checkups-QQC, LLC.  Thus, Plaintiffs believe Checkups-QQC is falsely representing that it is authorized to do business and causing harm to the general public.  Any delay in resolving this dispute will allegedly allow Checkups-QQC to continue this harm.  Plaintiffs' Response, § IV, p. 7 [DE 58].

Defendants point out that as to the merger, Plaintiffs attempted to stop the

---

[3] It appears that Jack Tawil and Neil Krouse were the original members of QQC. Elliott Mahana and his wife appear to have contributed $250,000 and joined as members on November 17, 2005.  Exhibit C to Hutner Reply Affidavit [DE 60-2].

merger through Florida state court litigation between Plaintiffs and QQC (QQC is not a party to this federal litigation).  Exhibits B - E to Hutner Affidavit [DE 42-2].  However, Defendants point out that Plaintiff's Emergency Motion to stop the merger was never perfected or pursued in state court by Plaintiffs.  In addition, because Plaintiff dropped certain members of QQC from this instant litigation, there are other members of QQC who approved the merger.

It would appear to this Court that even with the default judgment in this action there is the strong possibility of current uncertainty as to the makeup of Checkups-QQC and the pre-merger QQC.  Thus, there seems little prejudice to Plaintiffs if the default judgment were vacated and the issue of QQC membership litigated on its merits.

### C.  Good Reason for Failure to Respond to Complaint

Defendants' principal reason for failing to respond to the Complaint is that as passive investors, those Defendants who saw the summons believed the matter was being handled by the Company, and that they did not need to personally respond to the Complaint.  See Defendants' Affidavits [DE's 43-48 and 54].  Although counsel for the Company is the same Eric Hutner who is counsel for the individuals in this action, he was not retained for this action until just before filing of the motion to vacate.  By affidavit, Attorney Hutner states that although he was in contact with Plaintiff's counsel in the spring of 2007, he was not informed that individuals were being sued, rather than the company.  Plaintiff rejects this argument through submission of email correspondence indicating counsel Hutner had knowledge of this lawsuit upon its filing in February of 2007.  However, at that time, Hutner did not represent the individual

defendants in this action.

After entry of the default judgment in this action in June of 2007, Attorney Hutner states by affidavit that it was not until September of 2007 that he was made aware of its existence, after being contacted by Plaintiffs' counsel.  Defendants argue that the parties then engaged in settlement discussions in September through November, resulting in the delay of the filing of the motions to vacate.  See Exhibit B to Hutner Reply Affidavit [DE 60-2].

The Court concludes that Defendants have provided a good reason for not promptly responding to service of the Complaint, assuming that service was perfected as alleged.

## III.  CONCLUSION

Defendants have met all three prongs of the test for granting a motion to vacate a default judgment: a meritorious defense, minimal prejudice to Plaintiffs, and a good reason for delay in responding to the complaint.  Therefore, the Court will grant their motions to vacate and direct the filing of their answers to the Complaint.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Vacate Default Judgment [DE 41] and Defendant Benjamin Accad's Motion to Vacate Default Judgment [DE 53] are hereby **GRANTED**;

2. The Final Judgment entered at docket entry 33 is hereby **VACATED**;

3. Defendants' Motion to Stay Discovery [DE 49] is hereby **DENIED as moot**;

4. Defendants shall file their answers to the Complaint by October 17, 2008;

5.  The parties shall file a Joint Scheduling Report by October 20, 2008, at which time the Court will set this case for trial;

6.  If the parties have resolved this matter, one or more parties shall notify the Court in writing with the appropriate dismissal filing.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of September, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Franklin Zemel, Esq./Jason Gordon, Esq.
Craig Glasser, Esq.